# STATE OF NORTH CAROLINA

Mecklenburg _____ County

File No. 21CVS17030

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
RHAKEL MCBRIDE

**Address**
9511 Stoney Glen Dr. Apt. J

**City. State, Zip**
Mint Hill NC 28227

## VERSUS

**Name Of Defendant(s)**
Monroe Crossing Owner, LLC d/b/a Monroe Crossing
Time Equities Associates, LLC

Urban Retail Properties, LLC

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Monroe Crossing Owner, LLC<br>2626 Glenwood Ave, Suite 550<br>Raleigh, NC 27608<br>Time Equities Assoc., LLC 55 Fifth Ave. 15th | Urban Retail Properties, LLC<br>925 Federal Highway, Suite 700<br>Boca Raton, FL 33432 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Alesha S Brown, #53000
Justice in Action Law Center
521 Briar Creek Rd
Charlotte, NC 28205

**Date Issued** 10-25-21  **Time** 4-19  ☐ AM ☒ PM

**Signature**

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**  **Time**  ☐ AM ☐ PM

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

Exhibit 1

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

File No. 21 CVS 17030

Mecklenburg _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name And Address Of Plaintiff 1 | |
| --- | --- |
| Rhakel McBride | |
| 9511 Stoney Glen Dr. Apt J | |
| Mint Hill, NC 28227 | |

FILED

**GENERAL**

2021 OCT 25  **CIVIL ACTION COVER SHEET**

MECKLENBURG ☒ INITIAL FILING  ☐ SUBSEQUENT FILING
CO., C.S.C.

BY _____

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

| Name And Address Of Plaintiff 2 |
| --- |
| |

**VERSUS**

| Name And Address Of Defendant 1 |
| --- |
| Monroe Crossing Owner, LLC. d/b/a Monroe Crossing |
| 2626 Glenwood Ave. Suite 550 Raleigh, NC 27608 |
| Time Equities Associates, LLC |
| 55 Fifth Ave., 15th Floor New York, NY 1 |

Summons Submitted
☒ Yes  ☐ No

| Name And Address Of Defendant 2 |
| --- |
| Urban Retail Properties, LLC. |
| 925 S. Federal Highway, Suite 700 |
| Boca Raton, FL 33432 |

Summons Submitted
☒ Yes  ☐ No

Name And Address Of Attorney Or Party, If Not Represented
(complete for initial appearance or change of address)
Alesha S. Brown, Esq.
521 Briar Creek Road
Charlotte, NC 28205

| Telephone No. | Cellular Telephone No. |
| --- | --- |
| 704-500-0194 | |

| NC Attorney Bar No. | Attorney Email Address |
| --- | --- |
| 53000 | abrown@justiceinactionlaw.com |

☒ Initial Appearance in Case  ☐ Change of Address

| Name Of Firm | Fax No. |
| --- | --- |
| Justice in Action Law Center | 704-500-0197 |

Counsel For
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

☐ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☒ Other *(specify and list each separately)*
Discrimination

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| CLAIMS FOR RELIEF | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) |    Convictions (PLDP) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | Discrimination |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☒ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| 10/25/2021 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)     ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes   ☐ No |
| | | ☐ Yes   ☐ No |
| | | ☐ Yes   ☐ No |
| | | ☐ Yes   ☐ No |
| | | ☐ Yes   ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*



*Defendant(s) Against Whom Crossclaim Asserted*



AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

STATE OF NORTH CAROLINA <span>FILED</span>   IN THE GENERAL COURT OF JUSTICE
                                    SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG 25 P 4: 19    2021-CVS-__(7030

RHAKEL   MCBRIDE   ᴜ&ᴍᴅᴇɴʙᴏᴜᴏᴛᴇ C.S.C.
BEAUTIQUE,                         )
                                  )
              BY_____)_
         Plaintiff,                )
                                   )
vs.                                )
                                   )        **COMPLAINT**
                                   )    **(JURY TRIAL DEMANDED)**
MONROE CROSSING OWNER, LLC         )
d/b/a MONROE CROSSING, TIME        )
EQUITIES ASSOCIATES, LLC and       )
URBAN RETAIL PROPERTIES, LLC       )
                                   )
         Defendants.               )

NOW COMES PLAINTIFF Rhakel McBride (hereinafter "Plaintiff") by and through

undersigned counsel, and complains against Defendants Monroe Crossing Owner, LLC ("Monroe

Crossing"), Time Equities Associates, LLC ("Time Equities Associates"), and Urban Retail

Properties, LLC ("Urban Retail") (collectively referred to as "Defendants") as follows:

## PARTIES

1.      Plaintiff Rhakel McBride is a citizen and resident of Mecklenburg County, North

Carolina.

2.      Upon information and belief, Defendant Monroe Crossing Owner, LLC is a

domestic corporation, which, at all times relevant hereto, was authorized to and did conduct

business in Union County, North Carolina.

3.      Upon information and belief, Defendant Urban Retail Properties, LLC is a foreign

corporation, which, at all times relevant hereto, was authorized to and did conduct business in

Union County, North Carolina.

1

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants pursuant to N.C. Gen. Stat. § 1-75.4. Defendants at all times relevant hereto, reside and engaged in unlawful conduct which has harmed Plaintiffs who are residents of Mecklenburg County, North Carolina.

5. This Court has subject matter jurisdiction over Defendants, in that the acts and omissions of Defendants affected Plaintiff who resides in Mecklenburg County, North Carolina. The amount in controversy is in excess of $25,000.00.

6. Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-79 and/or § 1-80 becuase Plaintiff resides in Mecklenburg County, North Carolina.

## FACTUAL ALLEGATIONS

7. Plaintiff is an African-American woman.

8. Plaintiff entered into a Short-Term License Agreement ("lease or agreement") with Defendants Monroe Crossing and Time Equities to lease commercial space for her business Bougie Beautique, a sole proprietorship, at Monroe Crossing Mall located at 2115 W Roosevelt Blvd, Monroe, NC 28110 ("the mall") from September 1, 2020 to December 31, 2020.

9. Upon information and belief, Defendant Urban Retail Properties was the property management company that managed the leasing of commercial space at the mall.

10. As Plaintiff's lease was ending, she attempted to renew the lease and/or rent a larger space at the mall.

11. After the lease ended on December 31, 2020, Plaintiff proceeded with a month-to-month lease as she proceeded to work with Brian Eichelberger, Defendant Urban Retail Properties' General Manager, on a long-term lease.

12.     In February 2021, Sarah Sease ("Sease") replaced Brian as General Manager for Defendant Urban Retail Properties. As such, discussions regarding a long-term lease continued between Sease and Plaintiff.

13.     On March 23, 2021, Sease told Plaintiff on several occasions that there were no other spaces available to rent at the mall, other than larger spaces where large department stores such as Sears or Belk were once located, when there were in fact other spaces available to rent.

14.     Plaintiff is aware there were other smaller spaces available to rent because a Caucasian family friend reached out to Sease to inquire about the same spaces Plaintiff inquired about, and on the same day, March 23, 2021, Sease sent emails setting up a time for Plaintiff's Caucasian friend to see the same spaces Plaintiff inquired about but was denied the opportunity to lease.

15.     Plaintiff had the financial means to lease the space from Defendants.

16.     The only difference between Plaintiff and her Caucasian friend who sought to lease the same spaces Plaintiff sought to lease was their race.

17.     Additionally, Sease made several discriminatory statements regarding racially ethnic business owners, which further demonstrates Defendants discriminatory conduct.

18.     For instance, Sease made a comment that she didn't want the mall looking like a flee market so she was going to be "making changes."

19.     Due to Defendants' discriminatory actions, Plaintiff was never able to rent another space from Defendants and her month-to-month lease was terminated.

20.     Defendants purported reason for terminating Plaintiff's month-to-month lease was because Plaintiff's electricity was exceeding her monthly rent. However, that reason is merely

3

pretext for discrimination because Plaintiff had no control over the electricity in the space she was renting and no other non-African American tenant's lease was terminated due to use of electricity.

21.     At all times relevant, Urban Retail Properties and its agents acted on behalf of Defendants Monroe Crossing and Time Equities to lease the spaces Plaintiff leased and/or inquired about and as such Defendants Monroe Crossing and Time Equities are vicariously liable for the acts complained of herein.

22.     As a result of Defendants' negligence and discriminatory conduct, Plaintiff has suffered mental, emotional and financial harm.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §1981)**

23.     Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

24.     Plaintiff is an African-American woman and is therefore a member of a protected class.

25.     Plaintiff sought a long-term lease for her and her business with Defendants at the mall and entering into contracts to lease commercial space is a service Defendants ordinarily provide.

26.     Plaintiff was denied the right to entire into a long-term contract, while Plaintiff's Caucasian friend who inquired about the same space Plaintiff inquired about was not denied the opportunity to enter into a long-term leasing contract for the same spaces Plaintiff inquired about.

27.     Plaintiff was only denied the opportunity for a long-term lease because she is African-American, which is demonstrated by Sease's comments and Defendants not denying Plaintiff's Caucasian friend the opportunity to lease the same spaces Plaintiff sought to lease.

4

28.     Additionally, Plaintiff's month-to-month lease was terminated based on her race because, upon information and belief, non-African-American leasees did not have their leases terminated.

29.     Defendants' intentional discrimination constitutes Defendants' malicious and intentional violation of Plaintiff's federally protected right to be free from discrimination based on her race. At minimum, Defendants' actions and inactions demonstrated a reckless indifference to Plaintiff's right to be free from racial discrimination.

30.     Because Defendants established unequal terms and conditions in Plaintiff's ability to contract based on her race and has failed to sufficiently remedy violations of Plaintiff's rights, Plaintiff is entitled to compensatory and punitive damages to the maximum extent allowed under the law.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Supervision and Retention)

31.     Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

32.     Defendants owed Plaintiff a duty to be able to enter into a contract free of discrimination.

33.     Defendants' breach of their duty to Plaintiff was foreseeable and is the proximate cause Plaintiff's harm.

34.     Upon information and belief, Defendants were aware, or should have been aware, of the discriminatory and actions of their supervisors and agents that caused Plaintiff's ongoing injuries.

5

35.     However, Defendants employed, and continued to employ, such employees and agents, and were, well aware they could not perform their job duties without engaging in unlawful and discriminatory and retaliatory practices.

36.     At all times relevant, Defendants were aware of their employees'/agents incompetence and failures, but has failed to take any action to remedy such incompetence of many of its employees/agents.

37.     Defendants' prior and ongoing negligent hiring, supervision and retention of incompetent employees has, and continues to proximately cause Plaintiff's financial, emotional and mental harm and anguish.

38.     As such, Plaintiff is entitled to and seek damages, including but not limited to, compensatory damages, for her past and current harm due to Defendants' negligence.

39.     Because Defendants were, and remain aware of their employees'/agents' incompetence with resolving issues involving unlawful and discriminatory treatment of Plaintiff, Defendants' failure to remedy such dangers constitutes willful and wanton disregard for Plaintiff's rights under North Carolina common law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiff seeks and is entitled to punitive damages from Defendants to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## JURY DEMAND

Plaintiff demands that all matters not suitable for determination by this Honorable Court be determined by a jury of her peers.

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Rhakel McBride and Boujie Beautique, respectfully pray the Court for the following:

1. An order entering judgment in favor of Plaintiff in an amount to be determined at trial for each Cause of Action herein;

2. An order awarding Plaintiff actual and compensatory damages against Defendants;

3. An award of punitive damages against Defendants, as allowed by Chapter 1D of the North Carolina General Statutes;

4. All costs and expenses in this action, including reasonable attorney's fees from Defendants; and

5. Any and all further relief this Court deems necessary and proper.

This the 25th day of October 2021,

**JUSTICE IN ACTION LAW CENTER**

*[signature]*

Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Attorney for Plaintiff*

7

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **COMPLAINT** was delivered to each of the below listed person(s) this date by placing the same in an official depository under the exclusive care and custody of the United States Postal Service addressed as follows:

Monroe Crossing Owner, LLC
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

Time Equities Associates, LLC
55 Fifth Avenue, 15th Floor
New York, NY 10003

Urban Retail Properties, LLC
925 S. Federal Highway, Suite 700
Boca Raton, FL 33432

This the 25th day of October 2021,

JUSTICE IN ACTION LAW CENTER

Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Attorney for Plaintiff*

8

Justice in Action Law Center
521 Briar Creek Road
Charlotte, NC 28205



7017 2400 0000 8546 0729




U.S. POSTAGE PAID
FCM LG ENV
CHARLOTTE, NC
28216
OCT 27, 21
AMOUNT
**$8.36**
R2305K140186-12

1020    27608

RETURN RECEIPT
REQUESTED

Monroe Crossing Owner LLC
d/b/a Monroe Crossing
2626 Glenwood Ave. Suite 550
Raleigh, NC 27608