IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21CV637-GCM

| | | |
|---|---|---|
| RHAKEL McBRIDE and BOUGIE BEAUTIQUE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| MONROE CROSSING OWNER, LLC d/b/a MONROE CROSSING, TIME EQUITIES, INC., and URBAN RETAIL PROPERTIES, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court upon motion of Defendants Monroe Crossing Owner, LLC

d/b/a Monroe Crossing, Time Equities Associates, LLC, and Urban Retail Properties, LLC to

partially dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. This case has been consolidated with Civil Action No. 3:22cv31[1] and these motions

have been fully briefed and are therefore ripe for disposition.

## I.     FACTUAL BACKGROUND

Plaintiff Rhakel McBride ("McBride") is an African-American woman and the sole

proprietor of Bougie Beautique. In August 2020, Bougie Beautique entered into a Short-Term

License Agreement ("Agreement") with Defendants Monroe Crossing Owner, LLC ("MCO")

and Time Equities, Inc. ("TEI") for the lease of commercial space at Monroe Crossing Mall (the

"Mall"). McBride signed the Agreement on behalf of Bougie Beautique. Urban Retail Properties,

---

[1] Plaintiffs filed a Consent Motion to Consolidate this case with 3:22cv31, which was granted by the Court on April 26, 2022.

1

LLC ("URP") is the property manager for the Mall. Following the expiration of the Agreement on December 31, 2020, Bougie Beautique, MCO, and TEI continued the lease month-to-month. McBride engaged URP's then-General Manager, Brian Eichelberger, on Bougie Beautique's behalf to discuss a long-term lease. McBride continued to seek a long-term lease on Bougie Beautique's behalf with Eichelberger's replacement, Sarah Sease.

On March 23, 2021, Sease reported to McBride that there were no spaces available for Bougie Beautique to rent, other than large department store spaces. However, Sease offered to rent other spaces to Caucasian individuals. Plaintiffs allege Sease terminated Bougie Beautique's month-to-month lease based on McBride's race and the fact that Bougie Beautique is a black-owned business.

Plaintiffs allege claims of (1) race discrimination under 42 U.S.C. § 1981, (2) negligence, and (3) negligent hiring, supervision, and retention. Defendants have moved to dismiss Plaintiffs' Second and Third Causes of Action.

## II.    DISCUSSION

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). A claim must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Twombly*, 550 U.S. at 570).

In evaluating a motion to dismiss, the court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[,] . . .

2

unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffiars.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

### B. Negligence Claim

Plaintiffs' Complaint alleges intentional race discrimination. Allegations of "inherently intentional conduct . . . cannot form the foundation of a negligence claim." *Barrow v. Branch Banking & Tr. Co.*, No. 3:16-cv-00675-RJC-DCK, 2017 WL 4124180, at \*6 (W.D.N.C. Sept. 18, 2017) (dismissing inferred claim of negligence under Rule 12(b)(6) when act alleged in complaint was race-based discrimination). "Without question, basing a claim upon intentional conduct and simply labeling it as negligent is untenable as an attempt to state a cause of action for negligence." *Riepe v. Sarstedt, Inc.*, No. 5:09–CV–00104, 2010 WL 3326691, at \*4 (W.D.N.C. Aug. 23, 2010) (dismissing claim of negligent infliction of emotional distress under Rule 12(b)(6) when act alleged in complaint was sex-based discrimination). "Discrimination is inherently intentional." *Barrow*, 2017 WL 4124180, at \*4; *see also Mitchell v. Lydall, Inc.*, 16 F.3d 410 (4th Cir. 1994) (unpublished) (holding that a plaintiff has failed to allege any negligent act when he only alleges discrimination, even though the complaint made a conclusory allegation that defendant was negligent in its discrimination).

In their claim for negligence, Plaintiffs allege that Defendants owed Plaintiffs a duty to be able to enter into a contract free of discrimination and that Defendants breached that duty. Since Plaintiffs only allege discrimination as the conduct breaching a duty, even taking the allegations in the Complaint as true, Plaintiffs have failed to state a claim upon which they may be entitled to relief.

3

**C. Negligent Hiring, Supervision, and Retention**

The Fourth Circuit has interpreted North Carolina's negligent hiring, supervision, and retention cause of action as requiring an underlying common law tort and has held that an alleged statutory violation of § 1981 is insufficient to support the claim. *McLean v. Patten Communities, Inc.*, 332 F.3d 714, 719 (4th Cir. 2003); *see also Jackson v. FKI Logistex*, 608 F.Supp.2d 705 (E.D.N.C. 2009). In *Jackson*, a plaintiff brought Title VII and § 1981 race discrimination claims against the defendant, as well as a claim for negligent retention and supervision. *Id*. at 705-06. To state a claim for negligent retention under North Carolina law, a plaintiff must allege that the incompetent employee committed a tortious act resulting in injury to the plaintiff, and that prior to the act, the employer knew or had reason to know of the employee's incompetency. *Id*. at 707 (citing *Smith v. Privette*, 495 S.E.2d 395, 398 (N.C. Ct. App.1998)). Accordingly, a common law tort must underlie a negligent retention and supervision claim. *Id.* at 708. The court stated that "[b]y definition, the alleged violations of Title VII and 42 U.S.C. § 1981 that plaintiffs describe in count one are not common-law torts." *Id.* Thus, the *Jackson* plaintiff could not rely on alleged violations of Title VII or § 1981 to state a claim for negligent retention, and the court dismissed plaintiff's claims pursuant to Rule 12(b)(6). *Id*; *see also Rathbone v. Haywood Cty*., No. 1:08CV117, 2008 WL 2789770, at *3 (W.D.N.C. July 17, 2008) ("Plaintiff's claim for negligent supervision based on a Title VII violation appears to be barred under *McLean*[].."); *Barrow*, at *5-6 (citing *Jackson*, dismissing plaintiff's negligent retention and supervision claim because it was based on a Title VII claim and not a common law tort); *Lee v. Norfolk S. Ry. Co*., 912 F. Supp. 2d 375, 387 (W.D.N.C. 2012) (plaintiff's claim for negligent retention, based on an alleged § 1981 violation for racial harassment, failed because North Carolina does not recognize racial harassment as a common law tort).

4

Because Plaintiffs have alleged intentional race discrimination there can be no negligence claim, and since there is no underlying negligence-based tort, there can be no negligent hiring, supervision, and retention claim.

### D. Standing

Defendant URP argues that Plaintiff McBride should be dismissed from this case altogether because she lacks standing to pursue a cause of action under 42 U.S.C. § 1981. While § 1981 prohibits discrimination in the making or enforcement of contracts, the Supreme Court has limited its application to individuals or entities who have, or would have, rights under either the existing or proposed contractual relationship. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Therefore, "Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's." *Id*. at 480. *See also Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 348 (4th Cir. 2013) (holding individual plaintiff business owners cannot bring claim under § 1981 for interference in contract between the business and its customers because the owners had no rights under the contracts with the customers).

It is clear from the actual Agreement that Plaintiffs reference in their Complaint that Bougie Beautique, and not McBride, was a party to the Agreement. *See* Doc. No. 4-1 at 1 ("THE LICENSE AGREEMENT…between LICENSOR, whose full name and address is set forth below, and LICENSEE, whose full name and address is set forth below." "C. LICENSEE: Bougie Beautique"). Plaintiff McBride is merely listed as a contact. *Id*. "Bougie Beautique" alone is identified on the signature line, with McBride signing on its behalf. *Id*. at 4. Regardless of whether McBride is the sole owner of Bougie Beautique, she does not have standing under §

5

1981. As the Court is dismissing the claims for negligence and negligent hiring, supervision, and retention, Ms. McBride is hereby dismissed as a Plaintiff.

IT IS THEREFORE ORDERED that the motions of Defendants to dismiss Plaintiff McBride and the claims for negligence and negligent hiring, supervision, and retention are hereby GRANTED.

Signed: May 6, 2022

Graham C. Mullen
United States District Judge